**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**CIVIL ACTION NO. 02-419-C**

**JUAN MURILLO,**                                                                                                    **PLAINTIFF,**

**V.**                                                    **O R D E R**

**MELVIN E. MOORE, ET AL.,**                                                              **DEFENDANTS.**

* * * * * * * * * *

This matter is before the court on the motion of the plaintiff, Juan Murillo, for summary judgment against the remaining defendant, Melvin E. Moore, who is proceeding *pro se*. The other defendants were previously dismissed by agreed order. Since Moore did not respond to the motion for summary judgment in writing, he was ordered to show cause in person why it should not be granted. A hearing took place on June 9, 2005, which Moore did not attend. The court, having reviewed the record and being otherwise sufficiently advised, will grant the motion in part and deny it in part.

**I.    FACTUAL BACKGROUND**

The following factual background is stated in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).[1]

---

[1] Requests for admissions must be served on all parties to an action pursuant to the procedure in Federal Rule of Civil Procedure 5. *See* 1 James Wm. Moore et al., Moore's Federal Practice ¶ 5.02(2) (3d ed. 1999). The plaintiff properly effected service on Moore by mailing the requests for admissions directly to Moore, an unrepresented party, via certified mail through the United States Post Office. *See* Fed. R. Civ. Pro. 5. The requests were returned to the plaintiff unopened with

The defendant, a private security guard at the Sam's Club store located at 6622 Preston Highway in Louisville, Kentucky, arrested the plaintiff on July 15, 2001. As the plaintiff was leaving the store, the defendant detained him and placed him under arrest, charging him with disorderly conduct, resisting arrest, and terroristic threatening. The charges were later dismissed by the Jefferson District Court when Mr. Moore did not appear in court.

## II.   LEGAL STANDARD

Although the defendant did not respond to the motion for summary judgment, the court has an independent responsibility to determine whether summary judgment as a matter of law is warranted. Even if a party's failure to respond leaves uncontroverted those facts established by the motion, the moving party must still establish that those uncontroverted facts entitle him to judgment as a matter of law. The failure to respond to a motion does not automatically accomplish this. Thus, a

---

a note that they were unclaimed. Service is deemed complete at the instant the documents are placed into the hands of the United States Post Office – the critical event in the service procedure under Rule 5 is the mailing, not the receipt, of the papers sought to be served. *Rivera v. M/T Fossarina*, 840 F.2d 152, 155 (1st Cir. 1988) (service by mail complete even if never received). Moore did not respond to the plaintiff's requests for admissions. Consequently, the requested admissions are deemed admitted pursuant to Federal Rule of Civil Procedure 36(a) and are conclusively established under Rule 36(b). The plaintiff permissibly relies on these admissions to support his motion for summary judgment. *See Dukes v. South Carolina Ins. Co.*, 770 F.2d 545, 548-49 (5th Cir. 1985) (motion for summary judgment granted when plaintiffs did not respond for more than six months to defendant's requests for admissions). Matters admitted in accordance with Rule 36, whether explicitly admitted or admitted by default, are conclusively established, for purposes of the pending action. *See Am. Auto Ass'n v. AAA Legal Clinic*, 930 F.2d 1117, 1120 (5th Cir. 1991).

2

court must consider the motion, even if unopposed, and determine from what is before it whether the moving party is entitled to summary judgment as a matter of law. *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993).

It is the burden of the moving party to establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Browning v. Levy*, 283 F.3d 761, 769 (6th Cir. 2002) citing Fed.R.Civ.P. 56(c). If the moving party has the burden of proof at trial (the plaintiff on a claim for relief, or the defendant on an affirmative defense), the moving party must make a showing sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party. *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) quoting W. Schwarzer, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984).

## III. ANALYSIS

The plaintiff has asserted federal claims against the defendant for use of excessive force and unreasonable search and seizure pursuant to 42 U.S.C. § 1983 and state law claims for the torts of excessive force and battery, false imprisonment, and malicious prosecution.[2]  Each of the plaintiff's claims will be discussed in turn below.

### A.     Claims Under 42 U.S.C. § 1983

---

[2] In his complaint, the plaintiff asserts a claim for negligence; however, he did not discuss this claim in his motion for summary judgment.  Therefore, the court will not evaluate the merits of the plaintiff's negligence claim.

To establish a prima facie case in an action under 42 U.S.C. § 1983, a plaintiff must prove action by the defendant under the color of state law that deprived the plaintiff of a federally protected right, privilege, or immunity. *O'Brien v. Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994).

The plaintiff has not proven as a matter of law that the defendant was engaged in state action when he arrested the plaintiff at the Sam's Club store. Consequently, summary judgment in favor of the plaintiff is inappropriate.

Liability under § 1983 "attaches only to those wrongdoers who carry a badge of authority of a State and represent it in some capacity . . ." *NCAA v. Tarkanian*, 488 U.S. 177, 199 (1988). A private party's actions constitute state action under § 1983 where those actions may be "fairly attributable to the state." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 947 (1982). Three tests are used to determine whether conduct of a private entity qualifies as state action: the public function test, the state compulsion test, and the nexus or symbiotic relationship test. *Wolotsky v. Huhn*, 960 F.2d 1331 (6th Cir. 1992). The first and last tests are the only ones relevant here. *See Chapman v. Higbee Company*, 319 F.3d 825 (6th Cir. 2003).

For private action to qualify under the public function test, the court must find that the private party exercised powers that are traditionally reserved to the State. *See Jackson v. Metro. Edison Co.*, 419 U.S. 345, 353 (1974). The public function test is narrowly interpreted. *Chapman*, 319 F.3d 825. Examples of functions that are typically reserved to the State include exercising eminent domain and holding public

elections.  *Id.*  "The Supreme Court has not yet decided whether a private security guard who is cloaked with the authority of a police officer is a state actor performing a public function that is traditionally reserved to the state."  *Romanski v. Detroit Entertainment, LLC*, 265 F. Supp. 2d 835, 842 (E.D. Mich. 2003).  The plaintiff has not produced evidence sufficient to establish that, as a matter of law, the defendant was performing a duty reserved exclusively to the State.  The defendant detained the plaintiff until the plaintiff was transported to the jail by the police.  Private citizens have the power to effectuate citizens' arrests and detain individuals until the arrival of the police.  The plaintiff has not shown how the defendant's actions are different from those for which private citizens have such power.

The plaintiff also has not presented sufficient evidence that the defendant was acting under color of state law pursuant to the nexus test.  Under that test, a § 1983 plaintiff "must demonstrate that there is a sufficiently close nexus between the government and the private party's conduct so that the conduct may be fairly attributed to the state itself."  *Chapman*, 319 F.3d at 834.  While this inquiry is fact-specific, it is possible to determine whether a person acted under color of state law as a matter of law.  *Id.*  Here, although the plaintiff has presented the defendant's admissions that he was an off-duty Corrections Officer wearing his uniform when he arrested the plaintiff, this does not establish that as a matter of law the defendant took action which is fairly attributed to the state.  Several courts have found that private security guards are not state actors even when they arrest individuals. *Wade v. Byles*,

5

83 F.3d 902, 906 (7th Cir. 1996).  The plaintiff must present more specific evidence of how the defendant exercised "police powers" to prove that he acted under color of state law as a matter of law.  *United States v. Shahid*, 117 F.3d 322, 324 (7th Cir. 1994).  *See also Chapman*, 319 F.3d at 834.

The first element of a § 1983 action thus not having been shown, the court need not address deprivation of a federally protected right.  Because he has not established state action, the plaintiff cannot be granted summary judgment on his § 1983 claims.

### B.    Battery and Excessive Force

Under Kentucky law, to prove a claim for battery, a plaintiff must show that the defendant intended to commit an offensive touching and that the touching occurred. *Lexington v. Yank*, 431 S.W.2d 892 (Ky. 1968).  When a police officer has no legal justification for an arrest or uses more force than is necessary to effect the arrest, the battery is an excessive use of force.  *Goins v. Hudson*, 555 S.W.2d 288 (Ky. 1932). The defendant has admitted touching the plaintiff without legal justification and using force against him, including forcing the plaintiff to the ground, handcuffing the plaintiff, and choking him.  These admissions, however, are insufficient to prove that the amount of force used was excessive.  The plaintiff bears the burden of proof on this issue and, as the moving party, he must show that no reasonable jury could find that the force used was necessary under the circumstances.  A reasonable jury could find that the extent of force was necessary to effect the arrest, so summary judgment

6

is inappropriate on this claim.

**C.    False Imprisonment**

To sustain his claim for false imprisonment,[3] the plaintiff must show that he was detained and that his detention was unlawful.  *See Wal-Mart Stores, Inc. v. Mitchell*, 877 S.W.2d 616, 617 (Ky. Ct. App. 1994).  In other words, the plaintiff must have been deprived, through an exercise of force, of his liberty to leave the store when he wished to do so. *Id.*

There is no factual dispute that the plaintiff was detained.  The defendant arrested the plaintiff and he was taken to the Jefferson County Metropolitan Correctional Jail.  Normally, the issue of whether the detention is lawful is a question for the jury; however, the admission by the defendant that the detention was unlawful defeats any argument that he might present in his defense.  Consequently, the motion for summary judgment should be granted on the plaintiff's false imprisonment claim.

**D.    Malicious Prosecution**

A plaintiff must prove the following elements to succeed on a claim for malicious prosecution: (1) the institution of original judicial proceedings, either civil or criminal; (2) by or at the encouragement of the defendant; (3) the termination of such

---

[3] Here, the plaintiff describes his claim as one for false imprisonment, not false arrest.  Since there is no distinction between false arrest and false imprisonment in cases involving police officers, his description does not affect the court's analysis.  "Reference books have even abandoned a separate title for False Arrest and all of these cases are indexed under False Imprisonment." *Lexington-Fayette Urban County Gov't v. Middleton*, 555 S.W.2d 613, 619 (Ky. Ct. App. 1977).

proceedings in the plaintiff's favor; (4) malice in the institution of the proceeding; (5) want or lack of probable cause for the proceeding; and (6) the suffering of damage as a result of the proceeding. *Raine v. Drasin*, 621 S.W.2d 895, 899 (Ky. 1981). The plaintiff has established that he was subject to criminal prosecution instituted by the defendant and that the proceeding ended in his favor when the charges were dismissed. The plaintiff, however, has failed to establish that the defendant acted with malice. Generally, summary judgment is inappropriate where issues involve intent. *Middleton v. Reynolds Metal Co.*, 963 F.2d 881 (6th Cir. 1992). Whether the defendant acted with malice involves his subjective intent and the plaintiff has not established that no reasonable trier of fact could find that the defendant acted without malice when he arrested the plaintiff. Consequently, summary judgment on the malicious prosecution claim is inappropriate. Accordingly,

**IT IS ORDERED** that the plaintiff's motion (DE 31) is **GRANTED IN PART** and **DENIED IN PART**. The plaintiff's motion is granted with regard to his false imprisonment claim. The plaintiff's motion is denied with regard to his claim for excessive force under 42 U.S.C. § 1983, his claim for unlawful seizure under 42 U.S.C. § 1983, his claim for battery and excessive force claim, and his claim for malicious prosecution.

**IT IS FURTHER ORDERED** that a hearing on the merits of the case – liability and damages – is scheduled for June 20, 2005 at 1:00 p.m. The court will set aside three hours for the hearing.

8

Signed on  June 10, 2005

Jennifer B. Coffman, Judge
United States District Court